# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIN SUN and RUI JUA,<br><br>                           Plaintiffs,<br>  vs.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO T. GONZALEZ, Director, United States Citizenship and Immigration Services; PAUL M. PIERRE, District Director, San Diego District, United States Citizenship and Immigration Services; ALBERTO GONZALES, Attorney General of the United States; ROBERT S. MUELLER III, Director, Federal Bureau of Investigation,<br><br>                          Defendants. | CASE NO. 07cv152 BTM (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [Doc. #4]** |

## INTRODUCTION

Defendants move to dismiss Plaintiffs' Complaint on the grounds that this Court lacks subject matter jurisdiction and that Plaintiffs have failed to state a claim under the Administrative Procedure Act or the Mandamus Act. Defendants argue that this Court has no jurisdiction over the issue and that the remedy Plaintiffs seek is unavailable as a matter of law. For the reasons discussed below, Defendants' motion is **GRANTED IN PART** as to of Rui Jua, and **DENIED IN PART** as to Jin Sun.

## BACKGROUND

On March 17, 2005, Jin Sun, a beneficiary of an employment-based visa, filed an application for adjustment of status to that of Lawful Permanent Resident (I - 485) with the United States Citizenship and Immigration Services (CIS). CIS has requested and is awaiting the results of an FBI name check investigation. CIS has refused to schedule an examination interview or to further adjudicate Plaintiff Jin Sun's application until results from the FBI investigation are received.

On June 15, 2005, Rui Jua filed an application for adjustment of status to that of Lawful Permanent Resident as a derivative beneficiary of her spouse Jin Sun under 8 U.S.C. § 1153(d). The FBI completed and returned the results of a name check investigation regarding Rui Jua shortly after her application date. However, CIS has refused to further adjudicate her application before completing the adjudication process regarding the application of her spouse.

Plaintiffs jointly commenced this lawsuit on February 13, 2007.

## DISCUSSION

### I. JURISDICTION

Applications for adjustment of status are governed by the Immigration and Nationality Act, which provides: "The status of an alien . . . may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence . . . ." 8 U.S.C. § 1255(a) (emphasis added).

Plaintiffs assert that this Court has jurisdiction to review the determination of their adjustment applications under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 *et seq.*; the Mandamus Act, 28 U.S.C. § 1361; and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*. The APA grants entitlement to judicial review to anyone "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Under 28 U.S.C. § 1331, a district court has jurisdiction to conduct such a review. A court finding jurisdiction to review agency action under the APA is granted the power to "compel

agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); see also 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it.") (emphasis added). Jurisdiction under the APA is complemented by 28 U.S.C. § 1361, the Mandamus Act, which provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

However, notwithstanding any other provision of law, 8 U.S.C. § 1252(a)(2)(B)(ii) specifically eliminates from the court's jurisdiction review of any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." Defendants argue that CIS adjudication of applications for adjustment of status under 8 U.S.C. § 1255, and specifically the pace of such adjudication, is discretionary in nature. They argue, therefore, that the Court is expressly precluded from reviewing this procedure. The Court disagrees. The Court finds that, though the decision to grant or deny an adjustment of status as described under 8 U.S.C. § 1255 is discretionary, the obligation to adjudicate an application for such, in accordance with the "reasonable time" parameters of 5 U.S.C. § 555(b), is non-discretionary in nature. See Yu v. Brown, 36 F. Supp. 2d 922, 929 (D.N.M. 1999); He v. Chertoff, No. 06cv2608 IEG (NLS), slip op. at 7-9 (S.D. Cal. March 8, 2007); Quan v. Chertoff, No. SC 06-7881, 2007 U.S. Dist. LEXIS 44081, at *6 (N.D. Cal. June 7, 2007).

In consideration of the foregoing, the Court finds jurisdiction to review the Plaintiffs' Complaint. Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

**II. RUI JUA**

Plaintiff Rui Jua seeks relief in the form of an order compelling CIS to complete the adjudication process regarding her application. As a derivative beneficiary, she has applied for change of status under 8 U.S.C. § 1153(d), which grants a spouse "entitle[ment] to the

same status, and the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse . . . ." Because her spouse, Jin Sun, has not yet received Lawful Permanent Resident status, she remains unentitled to receive such status herself. Accordingly, Defendants' motion to dismiss the Complaint as to Rui Jua for failure to state a claim is **GRANTED**. Plaintiff Rui Jua's claims are dismissed without prejudice.

### III. JIN SUN

Plaintiff Jin Sun, as an applicant for change of status under 8 U.S.C. § 1255, is entitled to adjudication of his application "within a reasonable time." 5 U.S.C. § 555(b). His application has been pending the completion of an FBI background investigation for more than two years. He seeks mandamus relief compelling CIS and the FBI to process his case to conclusion.

Defendants cite 8 C.F.R. § 103.2(b)(18) as a discretionary basis for their delay of adjudication. "That subsection, while it allows USCIS to withhold adjudication of an application, establishes a specific protocol for such delays where first the district director, then the regional commissioner, and finally the Associate Commissioners for Examinations and Enforcement must explicitly determine at six month intervals that additional delay is required." Cao v. Upchurch, No. 07-1232, 2007 U.S. Dist. LEXIS 51477, at *15 (E.D. Penn. July 16, 2007). The court in Cao goes further to explain that, before withholding adjudication, the district director must determine that "the disclosure of information to the applicant or petitioner . . . would prejudice the ongoing investigation." Id. (quoting 8 C.F.R. § 103.2(b)(18)).

Just as in Cao, in the present case, "[d]efendants make no claim that this procedure has been followed or that disclosure of information would prejudice the investigation." Id. This Court, following the reasoning of Cao, finds that, "[i]n the absence of compliance with the stated procedure, § 103.2(b)(18) does not give defendants discretion to delay resolution of plaintiffs' applications." Id. Thus, the Court cannot find that the delay in processing Jin

1 | Sun's application has been reasonable on the record before it.  Additionally, the Government
2 | has not made any challenge to Plaintiff's claim regarding the FBI.  Therefore, the Court
3 | **DENIES** Defendants' 12(b)(6) motion to dismiss as to Plaintiff Jin Sun.

### CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss.  The motion is **GRANTED** as to the claims of Plaintiff Rui Jua, and **DENIED** as to the claims of Plaintiff Jin Sun.  Defendants are ordered to respond to Plaintiff's Complaint within 20 days.

**IT IS SO ORDERED.**

DATED:  August 27, 2007

_Barry Ted Moskowitz_
Honorable Barry Ted Moskowitz
United States District Judge